UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
JOHN DOE,                     )
                              )
          Petitioner,         )
                              )   Civil Action
v.                            )   No. 19-12508-PBS
                              )
ANTONE MONIZ, Superintendent, )
Plymouth County Correctional  )
Facility,                     )
                              )
          Respondent.         )
_____ )
```

**ORDER**

January 8, 2020

Saris, D.J.

Petitioner John Doe filed a habeas petition seeking relief pursuant to this Court's declaratory judgment in Brito v. Barr, No. 19-11314, 2019 WL 6333093, at *8 (D. Mass. Nov. 27, 2019). At the time of filing, Doe listed his case as "related" to Brito, Docket No. 1-4, and described himself as "a member of [Brito's] post-hearing class," Docket No. 1 at 1.

Respondent Antone Moniz now moves this Court to order the Petitioner to show cause as to why this case is related to Brito. The Respondent argues that this case and Brito lack (1) "some or all" of the same parties, and (2) legal or factual similarities. Docket No. 7 at 1.

1

Local Rule 40.1(g)(1) provides that:

> [A] civil case is related to one previously filed in this court if some or all of the parties are the same and if one or more of the following similarities exist also: the cases involve the same or similar claims or defenses . . . or the cases involve substantially the same questions of fact and law.

Local Rule 40.1(g)(1). A party filing an initial pleading may denote their case as related to a previously assigned case, consistent with the above rule. Id. 40.1(g)(2). In certain circumstances a district judge may return a case for reassignment if "[i]n the interest of justice or . . . the efficient performance of the business of the court." Id. 40.1(i)(1).

This case is related to Brito under Local Rule 40.1(g). First, "some or all of the parties" are the same. As to the Petitioner, Doe alleges – and the Respondent does not contest – that Doe is a member of Brito's certified Post-Hearing Class. Doe is therefore a party to both suits under Local Rule 40.1(g). As to the Respondent, Local Rule 40.1(g) permits the relation of habeas petitions against different government respondents if the United States "is evidently the real adverse party." See Order, Oliveira v. Moniz et al., No. 18-cv-10150-MLW (D. Mass. Jan. 26, 2018). The United States is the real adverse party in both this case and Brito.

2

Second, this case and Brito satisfy at least one type of similarity required by Local Rule 40.1(g). The cases involve the same claim: that the government violated the petitioners' due process rights by providing constitutionally deficient immigration bond hearings. Compare Brito v. Barr, No. 19-11314, 2019 WL 6333093, at *3 (D. Mass. Nov. 27, 2019) with Docket No. 1 at 2.

Respondent's motion for order to show cause (Docket No. 7) is therefore **DENIED**.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge