UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YOSEF KHOJAH, <br><br> Petitioner, <br><br> v. <br><br> ANTONE MONIZ, Superintendent, <br> Plymouth County Correctional Facility <br><br> Respondent | C.A. No. 1:19-CV-12508-DJC |

**MEMORANDUM OF LAW IN SUPPORT OF
PETITIONER YOSEF KHOJAH'S UNOPPOSED MOTION
(1) TO REOPEN THE CASE FOR THE LIMITED PURPOSE OF
FILING AN UNOPPOSED MOTION TO IMPOUND THE CASE RECORD; AND
(2) FOR AN ORDER GRANTING PETITIONER LEAVE
TO FILE THE UNOPPOSED MOTION TO IMPOUND UNDER SEAL**

Petitioner Yosef Khojah submits this memorandum of law in support of his unopposed motion (1) to reopen the case for the limited purpose of filing an unopposed motion to impound, and (2) for an Order granting Petitioner leave to file the unopposed motion to impound under seal. As grounds therefor, Petitioner states as follows:

1.  Mr. Khojah was detained by immigration officials on June 14, 2019.

2.  On December 12, 2019, Mr. Khojah filed a Petition for Writ of Habeas Corpus. ECF No. 1.

3.  On January 8, 2020, Respondent Superintendent Moniz filed his Response and Motion to Dismiss the Petition. ECF No. 13. The motion and its attached exhibits disclosed for

the first time in this docket that Mr. Khojah briefly struggled with housing insecurity. *Id.* at 4, 9, 11-12, 14, 16; ECF No. 13-1 ¶¶ 18-19; ECF No. 13-2 at 5.

4. On January 10, 2020, following a phone call from Mr. Khojah's counsel, Respondent Moniz filed a Notice of Record Correction to correct certain inaccuracies in his Motion to Dismiss. ECF No. 14.

5. On January 21, 2020, Mr. Khojah filed his Reply, opposing Respondent's Motion to Dismiss. ECF No. 16. The Reply identified inaccuracies in Respondent's Motion that had not been addressed in the Notice of Record Correction. *See, e.g., Id.* at 2, 3, 5, 8, 10.

6. On February 4, 2020, the Court scheduled a March 12, 2020 hearing on Respondent's Motion to Dismiss. ECF No. 19.

7. On March 6, 2020, Mr. Khojah's affirmative application for asylum in the United States was granted.

8. On March 9, 2020, Mr. Khojah was released from immigration detention, rendering this habeas action moot. ECF No. 20.

9. On March 10, 2020, Mr. Khojah filed a Joint Stipulation of Voluntary Dismissal. *Id.*

10. On March 11, 2020, the Court cancelled the March 12 hearing and administratively closed the case. ECF No. 21. The merits of Mr. Khojah's habeas petition were never adjudicated.

11. In the two years since this case was closed, public access to this case docket has impacted Petitioner's mental health, employment prospects, and housing opportunities in ways that were unforeseeable at the time he filed his Petition. Petitioner therefore wishes to pursue for good cause an Unopposed Motion to Impound the Case Record pursuant to Local Rule 7.2.

12. Petitioner submits that he has meritorious grounds for such a Motion, as set forth in the Unopposed Motion to Impound the Case Record and Memorandum of Law in support thereof, attached hereto as Exhibits A and B, respectively.

13. As explained in the Memorandum, Ex. B at 10-11, and as explained in sworn testimony submitted by his psychologist, Ex. B-2 ¶¶ 8-9, public access to this docket has negatively affected Petitioner's mental health: specifically, he has been diagnosed with an Adjustment Disorder with Mixed Anxiety and Depressed Mood directly related to public access to this docket.

14. Petitioner also reasonably believes public access to this docket is fatal to his employment prospects in his chosen field. Petitioner has developed contacts in his chosen field of international affairs, many of whom have impressed upon him the necessity of a pristine background check. Further, Petitioner has been presented with the opportunity to launch a new initiative spreading awareness about the Saudi government's oppressiveness. As explained in the Memorandum, the habeas docket will likely unfairly preclude him from this and future opportunities. Ex. B at 11-13.

15. Similarly, public access to this docket interferes with Petitioner's ability to obtain a lease agreement: most Boston landlords use tenant screening services, which view the mere existence of court records, such as this habeas docket, as detrimental to a prospective tenant's application. *Id.* at 13-16.

16. Moreover, Petitioner has a privacy interest in the details about his personal finances that are disclosed in this docket. *Id.* at 16-17.

17. In addition, the purpose of the public's presumptive right of access is not well-served by preserving such access in this case. *Id.* at 17-18.

18. Finally, the equities overall favor impoundment. *Id.* at 19-20.

19. Petitioner submits that the Unopposed Motion to Impound is timely because the harms arising from public access to this docket, outlined above and explained in the Memorandum, were not known and could not have been known to Petitioner prior to filing his Petition or making any of the subsequent filings in this case.

20. Local Rule 7.2(c) provides that motions to impound "must be filed and ruled upon prior to submission of the actual material sought to be impounded, *unless the court orders otherwise*." (emphasis added.) Under that Rule, the Court may grant leave to file a motion to impound materials that have already been filed where the movant provides valid grounds for such an order. *See United States v. Doyle*, 981 F.2d 591, 593 (1st Cir. 1992) (noting that the district court had granted a motion to impound despite the record having been publicly available for some time). Mr. Khojah provides numerous such grounds in his Memorandum, Ex. B.

21. The same grounds that support impoundment also support reopening the case. Just as the detrimental effects of public access to this docket were unknowable to Mr. Khojah prior to filing the documents in this case, so, too, were those effects unknowable while this case was still pending. The detrimental effects of public access to this docket did not become apparent until after Mr. Khojah, having been granted asylum, was released from detention and his Petition, now moot, was voluntarily dismissed.

22. Accordingly, Petitioner hereby moves this Honorable Court to reopen the case for the limited purpose of allowing him to file his Unopposed Motion to Impound. Additionally, to ensure his Unopposed Motion to Impound does not itself aggravate the underlying catalysts for that motion, Petitioner seeks leave to file his Unopposed Motion to Impound under seal.

23.   If leave to file under seal is granted, Petitioner further requests that the Unopposed Motion to Impound, attached hereto as Exhibit B, be sealed, as well.

## CONCLUSION

For the reasons set forth above and in the attached Exhibits, Petitioner respectfully requests that this Honorable Court **GRANT** his Unopposed Motion to Reopen the Case for the Limited Purpose of Filing an Unopposed Motion to Impound the Case Record and issue an Order granting Petitioner leave to file his Unopposed Motion to Impound under seal.

Date: November 28, 2022					Respectfully submitted,

					*/s/ Matt Corriel*
					Matt Corriel
					**ROPES & GRAY LLP**
					1211 Avenue of the Americas
					New York, NY 10036-8704
					Tel: (212) 596-9502
					Fax: (646) 728-6250
					Matt.Corriel@ropesgray.com

					Cambrey Dent
					Joseph Weintraub
					John LaMonaca
					**ROPES & GRAY LLP**
					Prudential Tower
					800 Boylston Street
					Boston, MA 02199-3600
					Tel: (617) 951-7000
					Fax: (617) 951-7050
					Cambrey.Dent@ropesgray.com
					Joseph.Weintraub@ropesgray.com
					John.LaMonaca@ropesgray.com

					*Counsel for Petitioner,*
					*Yosef Khojah*

## **CERTIFICATE OF SERVICE**

      I, Matt Corriel, hereby certify that I electronically filed the foregoing using the CM/ECF system on November 28, 2022, thereby serving all counsel of record.

Date: November 28, 2022        */s/ Matt Corriel*
                                          Matt Corriel